

A123 Systems LLC
39000 Seven Mile Rd
Livonia, MI 48152

December 22, 2014

**Via Federal Express**
Mujeeb Ijaz
7079 Kindra Hill Drive
San Jose, CA 95120

Dear Mr. Ijaz:

I'm writing in response to your resignation on June 27, 2014 from A123 Systems, LLC ("A123") and we have been informed that you've accepted new employment working in a role in energy storage function. Please note that as a condition of your commencing employment with A123, you were asked to enter into an Invention, Non-Disclosure, Non-Competition and Non-Solicitation Agreement (the "Agreement"), which you executed on February 18, 2008. I have enclosed a copy of the Agreement for your ease of reference.

The Agreement requires, among other things, that you <u>not</u>, either directly or indirectly, for a period of one (1) year following the termination of your employment (a) engage in any business that is competitive with A123's business, (b) solicit, either directly or indirectly, any employee of A123 to leave A123's employ or (c) sell or attempt to sell to any customer or prospective customer of A123 during the term of your employment, products or services that are competitive with A123's products or services.

The Agreement also requires that you will not, directly or indirectly, disclose any of A123's proprietary information to any third party or use such proprietary information for any purposes other than for A123's benefit and in connection with your employment duties at A123.

Furthermore, your agreement prohibits you from soliciting A123 employees. It is our understanding Don Dafoe, R&D Vice President of Development Engineering, has accepted a position with Apple Inc. and will be commencing employment shortly after the first of the year. This is in direct conflict with your NDA and we will pursue all options and actions to remedy this situation.

The Agreement remains in full force and effect and you continue to have binding contractual and fiduciary obligations to A123. In order to ensure that you are honoring the above obligations, A123 would request that you provide us with specific written assurances (attached to this letter) that: (i) you will not work on any business or enterprise that develops, manufactures, markets, or sells any product or service that competes with any product or service developed, manufactured, marketed, sold or provided, or planned to be developed, manufactured, marketed, sold or provided, by A123 while you were employed by A123, and (ii) that you will otherwise honor your continuing obligations to A123, including protecting the confidentiality of A123's proprietary information, including its capabilities and design experience. Please review this document, sign it and return it to me within the next seven (7) days.

A123 takes confidentiality and its employee's non-compete obligations very seriously. The company reserves the right to take all actions it deems appropriate in order to properly protect its business interests. Nothing herein shall act as a waiver of the Company's rights to commence legal proceedings against you for any breach of the Agreement or otherwise.

If you have any questions regarding either the Agreement or A123's enforcement policy relative to the Agreement, please do not hesitate to contact me directly.

Very truly yours,


Jim Beining
VP, Human Resources

## ASSURANCES


I, Mujeeb Ijaz, hereby agree and acknowledge that:

1)      I have an obligation to A123 to maintain the information I learned through A123 as confidential.  I will not use on my behalf or on behalf of any other party, including but not limited to my current employer. and I will not disclose, any confidential information or trade secrets of A123, including, but not limited to, any information related to A123's capabilities, customers, prospective customers, forecasts, pricing, or otherwise;

2)      I will not work or consult on any business or enterprise that develops, manufactures, markets, or sells any product or service that competes with any product or service developed, manufactured, marketed, sold or provided, or planned to be developed, manufactured, marketed, sold or provided, by A123 while I was employed by A123, for my current employer regardless of whether A123's cells will be used in such design;

3)      I have returned to A123 all of A123's property and confidential information which were in my possession and control, I have not made any copies thereof, and I have not disclosed any of A123's confidential information to any third party; and

4)      I have read the Invention, Non-Disclosure, Non-Competition and Non-Solicitation Agreement which I signed on February 18, 2008 and understand the provisions therein and understand that the post-employment restrictions remain in force and effect.  I will not solicit any current A123 employees in accordance with the Invention, Non-Disclosure, Non-Competition and Non-Solicitation Agreement as indicated above.  I understand that A123 has not waived any of its rights under that Agreement.


I HAVE READ THE FOREGOING LETTER AND ASSURANCES AND HEREBY AGREE AS STATED.


_____          _____
DATE                                                         Mujeeb Ijaz

Exhibit J



January 12, 2014

*Via Federal Express*

Jim Beining
Vice President, Human Resources
A123 Systems, LLC
39000 Seven Mile Rd.
Livonia, MI 48152

               Re: Mujeeb Ijaz's Employment with Apple

Dear Mr. Beining,

I received a copy of your letters concerning Mujeeb Ijaz, who began working at Apple last year. Apple appreciates your concerns and fully intends to respect A123's confidential, proprietary and trade secret information. As a technology company, Apple takes the protection of intellectual property seriously and has no interest in being privy to the trade secrets of any employee's former employer. As a condition of employment at Apple, Mr. Ijaz was required to sign an agreement that, among other things, was designed to protect the confidential information of his former employers.

Section I.B of this agreement, entitled "Information of Others," states:

> You agree that you have not brought, and during your employment with Apple will not bring, any confidential, proprietary, or secret information or intellectual property of your former employer(s) or any other person(s) or entity(ies) onto Apple property. You further agree you have not improperly used or disclosed (or induced the same), and during your employment with Apple will not improperly use or disclose (or induce the same), any confidential, proprietary, or secret information or intellectual property of your former employer(s) or any other person(s) or entity(ties).

I have confirmed that Mr. Ijaz signed and agreed to the above provision when hired by Apple.

Second, I want to confirm that I, and Human Resources, have met with Mr. Ijaz to ensure that he understands his ongoing obligations concerning A123's confidential, proprietary information and trade secrets, and the scope of his non-solicitation agreement.

Finally, Mr. Ijaz has not been placed in a role where he would be required to use or disclose A123's confidential, proprietary information or trade secrets. Apple hired Mr. Ijaz for his general knowledge, skills, and abilities and not for any A123 trade secret or confidential

Apple
1 Infinite Loop
MS 169-5BE
Cupertino, CA 95014

T 408 974-4865
F 408 862-2010
www.apple.com

Jim Beining
January 12, 2014
Page 2

information that he may possess.  As you are undoubtedly aware, it is common in our industry that good people often move between companies in accordance with their own career goals. Apple is committed to ensuring that employees who come to Apple from other companies honor obligations they may have to their former employers.

I trust that this letter is responsive to your concerns.  Please feel free to give me a call at 408-974-4865 if you wish to discuss this matter further.


Yours truly,

Diego Acevedo /mk

Diego Acevedo
Counsel, Employment Law
Apple Inc.

Exhibit K



Kohrman
Jackson&
Krantz PLL
ATTORNEYS AT LAW

January 16, 2015

VIA FEDERAL EXPRESS

Diego Acevedo
Counsel, Employment Law
Apple Inc.
1 Infinite Loop
MS 169-5BE
Cupertino, CA 95014

Re: <u>Employment of Mujeeb Ijaz and Don Dafoe</u>

Dear Mr. Acevedo:

Please be advised that this firm represents A123 Systems LLC ("A123"). On December 22, 2014, A123 notified Apple Inc. ("Apple") in writing of A123's concern that Apple's employment of Mujeeb Ijaz, the former President of A123 Venture Technologies, may violate Mr. Ijaz's Invention, Non-Disclosure, Non-Competition and Non-Solicitation Agreement with A123 (the "Agreement"). Furthermore, A123 notified Apple that Apple's planned employment of Don Dafoe, who served as A123's Vice President of Development Engineering in its Systems Research and Development Department, appears to violate Mr. Ijaz's non-solicitation obligations under his Agreement. Mr. Dafoe was a direct report to Mr. Ijaz during his tenure at the Company. A123 sought assurances from Apple that Mr. Ijaz's employment with Apple was not in violation of his Agreement.

By separate letter of the same date, A123 notified Mr. Ijaz directly of his continuing obligations to A123 under his Agreement. A123 stated its belief that Mr. Dafoe's hiring at Apple is in direct conflict with Mr. Ijaz's non-solicitation obligations. As with Apple, A123 demanded assurances from Mr. Ijaz that he will continue to abide by the valid restrictive covenants contained in his Agreement. Mr. Ijaz did not respond to A123's letter, and has not provided any of the requested assurances.

I have reviewed your letter dated January 12, 2014. You do not specifically address A123's concerns. First and foremost, you state that Mr. Ijaz is not "required" to disclose A123's confidential, proprietary, and/or trade secret information in connection with his employment at

V 216·736·7240
F 216·621·6536
E rsg@kjk.com

One Cleveland Center
20th Floor
1375 East Ninth Street
Cleveland, OH 44114-1793
216.696.8700
www.kjk.com

*Cleveland and Columbus*

Member of:
MERITAS LAW FIRMS WORLDWIDE

{K0426808.1}



Kohrman
Jackson&
Krantz PLL
ATTORNEYS AT LAW

Apple. This is far short of assuring A123 that Mr. Ijaz has not, is not, and will not disclose A123's confidential, proprietary, and/or trade secret information. A123's suspects that Mr. Ijaz's role at Apple is connected with the Lithium-ion battery market – identical to his role with A123. Apple has not stated that Mr. Ijaz is not working in such a role at Apple. Assuming that A123's suspicion is accurate, A123 is concerned that Mr. Ijaz will inevitably (and impermissibly) disclose sensitive A123 information in furtherance of his work at Apple.

Relatedly, you state that Mr. Ijaz has agreed with Apple in writing to not disclose A123's confidential, proprietary, and/or trade secret information. This, of course, ignores the inevitable disclosure of such information to the extent that his work with Apple and A123 is similar. I note that the quoted language in your letter only restricts Mr. Ijaz from "improperly" using or disclosing A123's sensitive information. However, by definition, *any* disclosure of such information by Mr. Ijaz is improper. Further, Mr. Ijaz's alleged assurances are made to Apple, not A123, and certainly Apple has not provided A123 with assurance that Mr. Ijaz will not use or disclose A123's confidential, proprietary, and/or trade secret information while working at Apple.

Next, A123 expressed concerns that Mr. Ijaz has improperly solicited A123 employees to join Apple. This includes Don Dafoe. You do not deny that such solicitation occurred, and only state that Apple has spoken to Mr. Ijaz about his non-solicitation obligations. Again, Apple has not provided adequate assurance that Mr. Ijaz has not, is not, and will not violate his contractual obligations to A123.

In addition to the likelihood of disclosure, Mr. Ijaz's Agreement with A123 contains a valid non-competition provision. Therefore, his work with Apple – which Apple does not claim is dissimilar to his work with A123 – potentially violates the same. You should also be aware that Mr. Dafoe, too, is party to a written agreement with restrictive covenants similar to those in Mr. Ijaz's Agreement. Therefore, Apple's employment of Mr. Dafoe may run afoul of Mr. Dafoe's contractual obligations to A123.

Finally, since Apple is aware that A123 is party to written restrictive covenants with Mr. Ijaz and Mr. Dafoe including, among other things, valid non-competition provisions, Apple's continued employment of these



individuals and/or disregard of their contractual obligations may constitute improper interference with A123's contractual rights. A123 takes this matter quite seriously and intends to proceed with urgency to enforce its contractual arrangements and to otherwise safeguard its business. Therefore, please respond to this letter within the next seven (7) days. If A123 does not receive a response by close of business on Friday, January 23rd, it will take all steps necessary to enforce its rights and secure its business.

Finally, in light of this apparent dispute and the prospect of litigation, please consider this letter as a formal demand that Apple immediately institute a litigation "hold" with respect to all repositories of potentially relevant information. Do not destroy or otherwise modify potentially relevant information, and inform all individuals/entities in possession of potentially relevant information to preserve the same. Destruction of such information (inadvertent or otherwise) may constitute spoliation of evidence.

Sincerely,

Robert S. Gilmore

Enclosure

Cc: Mujeeb Ijaz

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX COUNTY, ss.                    SUPERIOR COURT DEPARTMENT

A123 SYSTEMS LLC,

        Plaintiff,

    v.

APPLE INC., MUJEEB IJAZ, DON DAFOE,
MICHAEL ERICKSON, DEPENG WANG and
INDRAJEET THORAT

        Defendants.

Civil Action No. _____

---

### CORPORATE DISCLOSURE STATEMENT

Pursuant to Supreme Judicial Court Rule 1:21, Plaintiff A123 Systems LLC

("Plaintiff"), states that it is a wholly-owned subsidiary of Wanxiang Clean Energy USA

LLC, Delaware LLC.  No publicly held corporation owns 10% or more of Plaintiff's

stock.

                    **A123 SYSTEMS LLC**

                    By its attorneys,

                    Michael L. Rosen (BBO No. 559954)
                    mrosen@foleyhoag.com
                    Lyndsey M. Kruzer (BBO No. 675797)
                    lkruzer@foleyhoag.com
                    FOLEY HOAG LLP
                    155 Seaport Boulevard
                    Boston, MA  02210
                    Tel:  617.832.1000
                    Fax: 617.832.7000

/s/ *Robert S. Gilmore*
Robert S. Gilmore
(*to be admitted pro hac vice*)
rsg@kjk.com
Robert J. Bowes
(*to be admitted pro hac vice*)
rjb@kjk.com
Kohrman Jackson & Krantz P.L.L.
20th Floor, One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44114
216-696-8700

Dated:  February 6, 2015

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>1581CV00482 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>A123 Systems LLC vs. Apple Inc et al | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|
| TO:  Michael L Rosen, Esq.<br>Foley Hoag  LLP<br>155 Seaport Boulevard<br>Boston, MA 02210 | COURT NAME & ADDRESS<br>Middlesex Superior (Woburn)<br>200 Trade Center<br>Woburn, MA 01801 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE | | |
|---|---|---|---|
| | SERVED BY | FILED BY | HEARD BY |
| Service of process made and return filed with the Court | | 05/07/2015 | |
| Response to the complaint filed (also see MRCP 12) | | 06/08/2015 | |
| All motions under MRCP 12, 19, and 20 | 06/08/2015 | 07/06/2015 | 08/05/2015 |
| All motions under MRCP 15 | 06/08/2015 | 07/06/2015 | 08/05/2015 |
| All discovery requests **and depositions** served and non-expert despositions completed | 12/03/2015 | | |
| All motions under MRCP 56 | 01/04/2016 | 02/01/2016 | |
| Final pre-trial conference held and/or firm trial date set | | | 05/31/2016 |
| Case shall be resolved and judgment shall issue by | | | 02/06/2017 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>02/06/2015 | ASSISTANT CLERK<br>Dia S Roberts-Tyler | PHONE<br>(781)939-2772 |
|---|---|---|

Date/Time Printed: 02-06-2015 15:48:04                                                                 SCV026\ 11/2014

| **CIVIL ACTION COVER SHEET** | TRIAL COURT OF MASSACHUSETTS<br>SUPERIOR COURT DEPARTMENT<br>COUNTY OF   MIDDLESEX | DOCKET NO. _____ |
|---|---|---|

| PLAINTIFF(S)<br><br>**A123 Systems LLC** | DEFENDANT(S)   **Apple Inc., Mujeeb Ijaz, Don Dafoe, Michael Erickson, Depeng Wang and Indrajeet Thorat** |
|---|---|

| Plaintiff Atty | Michael L. Rosen, Foley Hoag LLP | Type Defendant's Attorney Name |
|---|---|---|

Address   155 Seaport Blvd.

City   Boston   State   MA   Zip Code   02210

Tel.   +1 (617) 832-1000   BBO#   559,954

Defendant Atty

Address

City   State   Zip Code

---

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

CODE NO.   TYPE OF ACTION (specify)   TRACK   IS THIS A JURY CASE?

E99 Misc Other (specify) - X track

(•) ] Yes   (  ) ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages.  For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
**(Attach additional sheets as necessary)**

| | |
|---|---|
| A.   Documented medical expenses to date: | |
|    1.   Total hospital expenses | $ _____ |
|    2.   Total doctor expenses | $ _____ |
|    3.   Total chiropractic expenses | $ _____ |
|    4.   Total physical therapy expenses | $ _____ |
|    5.   Total other expenses (describe) | $ _____ |
|    Subtotal | $ _____ |
| B.   Documented lost wages and compensation to date | $ _____ |
| C.   Documented property damages to date | $ _____ |
| D.   Reasonably anticipated future medical expenses | $ _____ |
| E.   Reasonably anticipated lost wages and compensation to date | $ _____ |
| F.   Other documented items of damages (describe) | $ _____ |
| G.   Brief description of plaintiff's injury, including nature and extent of injury (describe) | |
| Total $ | _____ |

**CONTRACT CLAIMS**
**(Attach additional sheets as necessary)**

Provide a detailed description of claim(s):

Breach of contract by violation of non-compete covenant, violation of employee non-solicitation covenant and violation of non-disclosure covenant;  tortious interference; unfair competition and misappropriation of trade secrets under MGL 93A; raiding.

TOTAL   $..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   Date:   2/6/15

A.O.S.C. 3-2007

## CIVIL ACTION COVER SHEET INSTRUCTIONS
### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| * CONTRACTS | | * REAL PROPERTY | | MISCELLANEOUS | |
|---|---|---|---|---|---|
| A01 Services, Labor and Materials F) | | C01 Land Taking (eminent domain) | (F) | E02 Appeal from Administrative | |
| A02 Goods Sold and Delivered | (F) | C02 Zoning Appeal, G.L. c.40A | (F) | Agency G.L. c. 30A | (X) |
| A03 Commercial Paper | (F) | C03 Dispute concerning title | (F) | E03 Claims against Commonwealth | |
| A08 Sale or Lease of Real Estate | (F) | C04 Foreclosure of mortgage | (X) | or Municipality | (A) |
| A12 Construction Dispute | (A) | C05 Condominium Lien & Charges | (X) | E05 Confirmation of Arbitration Awards | (X) |
| A99 Other (Specify) | (F) | C99 Other (Specify) | (F) | E07 G.L. c.112, s.12S (Mary Moe) | (X) |
| E03 Claims against Commonwealth | (A) | E03 Claims against Commonwealth | (A) | E08 Appointment of Receiver | (X) |
| or Municipality | | or Municipality | | E09 General Contractor bond, | |
| | | | | G.L. c. 149, ss. 29, 29a | (A) |
| *TORT | | EQUITABLE REMEDIES | | E11 Worker·s Compensation | (A) |
| | | D01 Specific Performance of Contract | (A) | E12 G.L.c.123A, s.12 (SDP Commitment) | (X) |
| B03 Motor Vehicle Negligence | (F) | D02 Reach and Apply | (F) | E14 G.L. c. 123A, s. 9 (SDP Petition) | |
| personal injury/property damage | | D06 Contribution or Indemnification | (F) | E15 Abuse Petition, G. L. c. 209A | (X) |
| B04 Other Negligence- | (F) | D07 Imposition of a Trust | (A) | E16 Auto Surcharge Appeal | (X) |
| personal injury/property damage | | D08 Minority Stockholder's Suit | (A) | E17 Civil Rights Act, G.L. c.12, s. 11H | (X) |
| B05 Products Liability | (A) | D10 Accounting | (A) | E18 Foreign Discovery Proceeding | (X) |
| B06 Malpractice-MedicaL | (A) | D12 Dissolution of Partnership | (A) | E19 Sex Offender Registry G.L. c. 178M, | |
| B07 Malpractice-Other (Specify) | (A) | D13 Declaratory Judgment G.L. c. 231A | (A) | s. 6 | (X) |
| B08 Wrongful Death, G.L. c.229, s.2A | (A) | D99 Other (Specify) | (F) | E21 Protection from Harassment c 258E | (X) |
| B15 Defamation (Libel-Slander) | (A) | | | E25 Plural Registry (Asbestos cases) | |
| B19 Asbestos | (A) | | | E95 **Forfeiture G.L. c. 94C, s. 47 | (F) |
| B20 Personal Injury- slip & fall | (F) | | | E96 Prisoner Cases | (F) |
| B21 Environmental | (F) | | | E97 Prisoner Habeas Corpus | (X) |
| B22 Employment Discrimination | (F) | | | E99 Other (Specify) | (X) |
| B99 Other (Specify) | (F) | | | | |
| E03 Claims against Commonwealth | (A) | | | | |

**\*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.**
**\*\*Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.**

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [ X ] Yes    [ ] |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, **where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).**

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.

# COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, ss**                    **SUPERIOR COURT DEPARTMENT**

A123 SYSTEMS LLC,

                 Plaintiff,

        v.                                    Civil Action No. 15-482H

APPLE INC., MUJEEB IJAZ, DON DAFOE,
MICHAEL ERICKSON, DEPENG WANG,
and INDRAJEET THORAT

                 Defendants.

## PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Pursuant to Rule 4(c) of the Massachusetts Rules of Civil Procedure, Plaintiff A123

Systems LLC moves for an order appointing Beacon Hill Research, Inc., 2 Park Plaza, Suite 409,

Boston, Massachusetts, or its employees or agents, as special process server in the above-

captioned action.  The person to be appointed process server is experienced in the service of

process, is 18 years or older, and is not a party to this action.

                            **A123 SYSTEMS LLC**

                            By its attorneys,

2015 Feb 13   *Filed and Allowed*
*Dea Roberts : Dyler (miller §)*
Assistant Clerk

                           Michael L. Rosen (BBO No. 559954)
                           mrosen@foleyhoag.com
                           Lyndsey M. Kruzer (BBO No. 675797)
                           lkruzer@foleyhoag.com
                           FOLEY HOAG LLP
                           155 Seaport Boulevard
                           Boston, MA  02210
                           Tel: 617.832.1000
                           Fax: 617.832.7000

Dated: February 13, 2015

## COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX COUNTY, ss.**                    SUPERIOR COURT DEPARTMENT

A123 SYSTEMS LLC,

                    Plaintiff,

          v.

APPLE INC., MUJEEB IJAZ, DON DAFOE,          Civil Action No. 15-482H
MICHAEL ERICKSON, DAPENG WANG
and INDRAJEET THORAT

                    Defendants.

### PLAINTIFF'S MOTION FOR SHORT ORDER OF NOTICE

Plaintiff A123 Systems LLC ("A123") has moved for a Temporary Restraining Order and

Preliminary Injunction enjoining defendant Mujeeb Ijaz from breaching his Invention, Non-

Disclosure, Non-Competition, and Non-Solicitation Agreement (the "Agreement") with A123.

A123 has also moved for a Temporary Restraining Order and Preliminary Injunction enjoining

Defendant Apple Inc. ("Apple") from tortiously interfering with A123's contractual

relationships.  As set forth in A123's Memorandum of Law in Support of Motion for Temporary

Restraining Order, Preliminary Injunctive Relief, and Expedited Discovery, absent the relief

A123 seeks, A123 will suffer irreparable harm. The harm A123 will suffer if the Court fails to

enjoin both defendant Ijaz and Apple's conduct substantially outweighs any harm they might

suffer if the Court grants the injunctive relief A123 seeks.

WHEREFORE, A123 hereby requests that the Court issue a short order of notice for a

hearing as soon as possible on its request for a Temporary Restraining Order and Preliminary

Injunction.

{K0437526.1}        B4357320.1

**A123 SYSTEMS LLC**

By its attorneys,


Michael L. Rosen (BBO No. 559954)
mrosen@foleyhoag.com
Lyndsey M. Kruzer (BBO No. 675797)
lkruzer@foleyhoag.com
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02210
Tel:  617.832.1000
Fax: 617.832.7000

*/s/ Robert S. Gilmore*
Robert S. Gilmore
(*to be admitted pro hac vice*)
rsg@kjk.com
Robert J. Bowes
(*to be admitted pro hac vice*)
rjb@kjk.com
Kohrman Jackson & Krantz P.L.L.
20th Floor, One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44114
216-696-8700

Dated: February 13, 2015

| **SUMMONS AND ORDER OF NOTICE** | DOCKET NUMBER<br>**1581CV00482** | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br>   **A123 Systems LLC vs. Apple Inc et al** | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|

| To:<br>   **Mujeeb Ijaz** | COURT NAME & ADDRESS<br>Middlesex Superior (Woburn)<br>200 Trade Center<br>Woburn, MA 01801 |
|---|---|

To the above named defendant(s):

You are hereby summoned and required to serve upon:

**Michael L Rosen, Esq.**
**Foley Hoag  LLP**
**155 Seaport Boulevard**
**Boston, MA 02210**

an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Woburn either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the defendant which arises out of the transaction or occurrence that is the subject matter of the defendant's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

**Date:** 02/18/2015

**Time:** 02:00 PM

**Event:** Hearing on Preliminary Injunction

**Session Location:** Civil H Rm 520 / Courtroom 520

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br>**02/13/2015** | CHIEF JUSTICE OF THE SUPERIOR COURT<br>Witness:<br>**Hon. Judith Fabricant** | ASSOCIATE JUSTICE<br>**Hon. Rosalind H Miller** | ASSISTANT CLERK<br>X<br>(781)939-2772 |
|---|---|---|---|

**RETURN OF SERVICE**

I hereby certify and return that on _____, I served a copy of this summons, together with a copy of the Complaint.

PARTY NAME:

X

SCV027\ 07/2014

| **SUMMONS AND ORDER OF NOTICE** | DOCKET NUMBER<br>**1581CV00482** | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|
| CASE NAME:<br>**A123 Systems LLC vs. Apple Inc et al** | | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
| To:<br>**Michael Erickson** | | COURT NAME & ADDRESS<br>Middlesex Superior (Woburn)<br>200 Trade Center<br>Woburn, MA 01801 |

To the above named defendant(s):

You are hereby summoned and required to serve upon:

**Michael L Rosen, Esq.**
**Foley Hoag  LLP**
**155 Seaport Boulevard**
**Boston, MA 02210**

an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Woburn either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the defendant which arises out of the transaction or occurrence that is the subject matter of the defendant's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

**Date:** 02/18/2015

**Time:** 02:00 PM

**Event:** Hearing on Preliminary Injunction

**Session Location:** Civil H Rm 520 /  Courtroom 520

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br>**02/13/2015** | CHIEF JUSTICE OF THE SUPERIOR COURT<br>Witness:<br>**Hon. Judith Fabricant** | ASSOCIATE JUSTICE<br><br>**Hon. Rosalind H Miller** | ASSISTANT CLERK<br>X |
|---|---|---|---|

| RETURN OF SERVICE |
|---|
| I hereby certify and return that on _____, I served a copy of this summons, together with a copy of the Complaint.<br><br><br>PARTY NAME:<br>X |

Date/Time Printed: 02-13-2015 16:07:31                                                                SCV027\ 07/2014

| **SUMMONS AND ORDER OF NOTICE** | DOCKET NUMBER<br>**1581CV00482** | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br>A123 Systems LLC vs. Apple Inc et al | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|

| To:<br>**Indrajeet Thorat** | COURT NAME & ADDRESS<br>Middlesex Superior (Woburn)<br>200 Trade Center<br>Woburn, MA 01801 |
|---|---|

To the above named defendant(s):

      You are hereby summoned and required to serve upon:

            **Michael L Rosen, Esq.**
            **Foley Hoag  LLP**
            **155 Seaport Boulevard**
            **Boston, MA 02210**

      'an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Woburn either before service upon plaintiff's attorney or within a reasonable time thereafter.

      Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the defendant which arises out of the transaction or occurrence that is the subject matter of the defendant's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

                  **Date:** 02/18/2015

                  **Time:** 02:00 PM

             **Event:** Hearing on Preliminary Injunction

      **Session Location:** Civil H Rm 520 /  Courtroom 520

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br>**02/13/2015** | CHIEF JUSTICE OF THE SUPERIOR COURT<br>Witness:<br>**Hon. Judith Fabricant** | ASSOCIATE JUSTICE<br>**Hon. Rosalind H Miller** | ASSISTANT CLERK<br>X | (781)939-2772 |
|---|---|---|---|---|

**RETURN OF SERVICE**

I hereby certify and return that on _____, I served a copy of this summons, together with a copy of the Complaint.

PARTY NAME:

X

                

| **SUMMONS AND ORDER OF NOTICE** | DOCKET NUMBER<br>**1581CV00482** | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|
| CASE NAME:<br>**A123 Systems LLC vs. Apple Inc et al** | | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
| To:<br>**Don Dafoe** | | COURT NAME & ADDRESS<br>Middlesex Superior (Woburn)<br>200 Trade Center<br>Woburn, MA 01801 |

To the above named defendant(s):

     You are hereby summoned and required to serve upon:

          **Michael L Rosen, Esq.**
          **Foley Hoag  LLP**
          **155 Seaport Boulevard**
          **Boston, MA 02210**

     an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Woburn either before service upon plaintiff's attorney or within a reasonable time thereafter.

     Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the defendant which arises out of the transaction or occurrence that is the subject matter of the defendant's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

                             **Date:** 02/18/2015

                            **Time:** 02:00 PM

                     **Event:** Hearing on Preliminary Injunction

          **Session Location:** Civil H Rm 520 /  Courtroom 520

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br>**02/13/2015** | CHIEF JUSTICE OF THE SUPERIOR COURT<br>Witness:<br>**Hon. Judith Fabricant** | ASSOCIATE JUSTICE<br>**Hon. Rosalind H Miller** | ASSISTANT CLERK<br>X       (781)939-2772 |
|---|---|---|---|

| **RETURN OF SERVICE** |
|---|
| I hereby certify and return that on _____, I served a copy of this summons, together with a copy of the Complaint. |
| PARTY NAME:<br>X |

| SUMMONS AND ORDER OF NOTICE | DOCKET NUMBER<br>**1581CV00482** | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|
| CASE NAME:<br>**A123 Systems LLC vs. Apple Inc et al** | | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
| To:<br>**Depeng Wang** | | COURT NAME & ADDRESS<br>Middlesex Superior (Woburn)<br>200 Trade Center<br>Woburn, MA 01801 |

To the above named defendant(s):

      You are hereby summoned and required to serve upon:

            **Michael L Rosen, Esq.**
            **Foley Hoag  LLP**
            **155 Seaport Boulevard**
            **Boston, MA 02210**

      an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Woburn either before service upon plaintiff's attorney or within a reasonable time thereafter.

      Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the defendant which arises out of the transaction or occurrence that is the subject matter of the defendant's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

                            **Date:** 02/18/2015

                            **Time:** 02:00 PM

                     **Event:** Hearing on Preliminary Injunction

           **Session Location:** Civil H Rm 520 /  Courtroom 520

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br>**02/13/2015** | CHIEF JUSTICE OF THE SUPERIOR COURT<br>Witness:<br>**Hon. Judith Fabricant** | ASSOCIATE JUSTICE<br>**Hon. Rosalind H Miller** | ASSISTANT CLERK<br>X | (781)939-2772 |
|---|---|---|---|---|

**RETURN OF SERVICE**

I hereby certify and return that on _____, I served a copy of this summons, together with a copy of the Complaint.

                                              PARTY NAME:

                                                X

| **SUMMONS AND ORDER OF NOTICE** | DOCKET NUMBER<br>**1581CV00482** | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br>A123 Systems LLC vs. Apple Inc et al | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|

| To:<br>**Apple Inc** | COURT NAME & ADDRESS<br>Middlesex Superior (Woburn)<br>200 Trade Center<br>Woburn, MA 01801 |
|---|---|

To the above named defendant(s):

You are hereby summoned and required to serve upon:

**Michael L Rosen, Esq.**
**Foley Hoag  LLP**
**155 Seaport Boulevard**
**Boston, MA 02210**

an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Woburn either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the defendant which arises out of the transaction or occurrence that is the subject matter of the defendant's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

**Date:** 02/18/2015

**Time:** 02:00 PM

**Event:** Hearing on Preliminary Injunction

**Session Location:** Civil H Rm 520 /  Courtroom 520

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br>**02/13/2015** | CHIEF JUSTICE OF THE SUPERIOR COURT<br>Witness:<br>**Hon. Judith Fabricant** | ASSOCIATE JUSTICE<br>**Hon. Rosalind H Miller** | ASSISTANT CLERK<br>X | (781)939-2772 |
|---|---|---|---|---|

| **RETURN OF SERVICE** |
|---|

I hereby certify and return that on _____, I served a copy of this summons, together with a copy of the Complaint.

PARTY NAME:

X

COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX COUNTY, ss.**                    **SUPERIOR COURT DEPARTMENT**

A123 SYSTEMS LLC,

               Plaintiff,

      v.

APPLE INC., MUJEEB IJAZ, DON DAFOE,        Civil Action No. 15-482H
MICHAEL ERICKSON, DAPENG WANG
and INDRAJEET THORAT

               Defendants.

## PLAINTIFF A123 SYSTEMS LLC'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTIVE RELIEF, AND EXPEDITED DISCOVERY

Pursuant to Rule 65 of the Massachusetts Rules of Civil Procedure and Superior Court Rule 9A(e)(1), Plaintiff A123 Systems, LLC ("A123") respectfully requests that this Court enter a temporary restraining order and preliminary injunction against defendants Mujeeb Ijaz and Apple Inc. ("Apple"), and direct expedited discovery against defendants Apple, Ijaz, Don Dafoe Michael Erickson, Dapeng Wang, and Indrajeet Thorat  (collectively, "Defendants").  As grounds for this Motion, A123 states:

    1.    Ijaz, a former employee of A123, has violated his Invention, Non-Disclosure, Non-Competition, and Non-Solicitation Agreement  (the "Agreement") with A123 by soliciting, on behalf of his new employer, Apple, A123's employees. Such solicitation has already caused defendants Dafoe, Erickson, Wang, and Thorat to defect from A123 to Apple within the past month.

    2.    Apple, fully aware of the Agreement, nevertheless encouraged Ijaz to violate the Agreement and solicit A123's workforce. Apple tortiously interfered with the Agreement by poaching Ijaz, Dafoe, Erickson, Wang, and Thorat from A123. Ijaz, Dafoe, Erickson, Wang, and

Thorat all had access to A123's proprietary and confidential information, and Apple intends to become a competitor of A123.

3.      A123 is entitled to a temporary restraining order because, absent prompt injunctive relief, A123 will suffer substantial and irreparable harm.

4.      A123 is entitled to a preliminary injunction to prevent defendants Ijaz and Apple from causing irreparable harm and enjoying the fruits of their wrongful conduct, because:

(a)      A123 has presented sufficient evidence that it has a reasonable likelihood of success on the merits of its claims;

(b)      A123 will suffer irreparable harm if immediate injunctive relief is not granted; and

(c)      These defendants have no legitimate interest in continuing their wrongful conduct and, as such, the balance of the equities weighs in favor of granting a preliminary injunction in favor of A123.

5.      A123 is entitled to expedited discovery in advance of the hearing on its application for preliminary injunctive relief, because:

(a)      Defendants Apple and Ijaz (and perhaps the remaining defendants) likely have obtained A123's confidential and proprietary information, and

(b)      Apple refuses to inform A123 of what Ijaz, Dafoe, Erickson, Wang, and Thorat are working on for Apple, and

(c)      This information goes to substantiate the basis of A123's restrictive covenant claims.

In further support of this Motion, A123 relies upon its supporting Memorandum of Law, its Verified Complaint, and the Affidavit of Patrick Hurley.

WHEREFORE, A123 respectfully requests that the Court:

1.      Grant this Motion;

2.      Require the Defendants to return to A123 any of its confidential documents, files, information or other property still in their possession;

3.      Enjoin Ijaz from breaching his Agreement with A123;

4.      Enjoin Ijaz from soliciting A123's employees;

5.      Enjoin Apple from tortiously interfering with A123's rights under the Agreement;

6.      Enjoin Apple from tortiously interfering with A123's contractual relationships with its employees by improperly raiding personnel;

7.      Order discovery in advance of any hearing concerning:

    a.   Ijaz, Dafoe, Erickson, Wang, and Thorat's employment at Apple, including job responsibilities, and the execution and consideration for any agreements between Apple and/or its agents and any of the Defendants;

    b.   Any documents or information in the possession of any defendant to this action concerning the employment of Ijaz, Dafoe, Erickson, Wang, and Thorat with both A123 and Apple;

    c.   Apple's knowledge of, review of, and reaction to any of the Invention, Non-Disclosure, Non-Competition, and Non-Solicitation Agreements entered into by Ijaz, Dafoe, Erickson, Wang, and/or Thorat;

    d.   Apple's efforts over the last year to recruit individuals similar to Ijaz, Dafoe, Erickson, Wang, or Thorat to work in the same area at Apple that any of the Defendants worked in;

    e.   Apple's current involvement with, and business plan concerning, the research and development of the battery technology that Ijaz, Dafoe, Erickson, Wang, and Thorat are involved with at Apple;

8.      Order that Defendants respond to all additional requests for discovery, including interrogatories and document demands, within ten (10) days of the Court's grant of the request for expedited discovery;

9.    Order that Ijaz, Dafoe, Erickson, Wang, and Thorat, and Apple's appropriate

designees be deposed regarding their knowledge of the foregoing subjects,

pursuant to Mass. R. Civ. P. 30(b)(6), within fourteen (14) days of A123's receipt

of Defendants' discovery responses; and

10.   Award such other and further relief that this Court deems just and proper.


**A123 SYSTEMS LLC**

By its attorneys,

Michael L. Rosen (BBO No. 559954)
mrosen@foleyhoag.com
Lyndsey M. Kruzer (BBO No. 675797)
lkruzer@foleyhoag.com
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02210
Tel:  617.832.1000
Fax: 617.832.7000


/s/ *Robert S. Gilmore*
Robert S. Gilmore
(*to be admitted pro hac vice*)
rsg@kjk.com
Robert J. Bowes
(*to be admitted pro hac vice*)
rjb@kjk.com
Kohrman Jackson & Krantz P.L.L.
20th Floor, One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44114
216-696-8700

Dated:  February 13, 2015

**COMMONWEALTH OF MASSACHUSETTS**

MIDDLESEX COUNTY, ss.                          SUPERIOR COURT DEPARTMENT

---

A123 SYSTEMS LLC,

               Plaintiff,

        v.

APPLE INC., MUJEEB IJAZ, DON DAFOE,
MICHAEL ERICKSON, DEPENG WANG and
INDRAJEET THORAT

            Defendants.

Civil Action No. 15-482H

---

## AFFIDAVIT OF PATRICK HURLEY IN SUPPORT OF PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTIVE RELIEF

I, Patrick Hurley, do hereby depose and say as follows:

1.      I am the Chief Technology Officer for plaintiff A123 Systems LLC's System Venture Technologies division located in Waltham, Massachusetts ("*A123*"). I submit this affidavit in connection with A123's request that the Court enter a temporary restraining order and preliminary injunction to stop defendant Mujeeb Ijaz from violating his Invention, Non-Disclosure, Non-Competition and Non-Solicitation Agreement with A123 (the "*Agreement*") with A123. Specifically, the Court is asked to enjoin defendant Ijaz from breaching the Agreement by improperly soliciting A123's employees, either directly or indirectly, on behalf of defendant Apple Inc. ("*Apple*"). A123 also requests that the Court similarly enjoin defendant Apple from tortiously interfering with A123's rights under the Agreement by encouraging, participating in, or supporting defendant Ijaz's breach of the Agreement through his solicitation

activities and from otherwise improperly raiding A123's key personnel. This affidavit is based upon personal knowledge, unless noted otherwise.

2.      Defendants Ijaz, Dafoe, Erickson, Wang, and Thorat (the "*Individual Defendants*") formerly worked in A123's System Venture Technologies division. That division conducts research and development related to A123's lithium-ion battery technology business. While employed at A123, the Individual Defendants were responsible for, among other things, developing and testing new battery technology and products and validating and testing existing battery technology and products. There are approximately 96 employees in the division.

3.      Defendants Erickson, Wang, and Thorat are PhD scientists and while employed by A123 were each in charge of separate projects related to A123's business. Defendants Ijaz and Dafoe are engineers. Defendants Dafoe, Erickson, Wang, and Thorat reported directly to defendant Ijaz. Defendant Ijaz was in charge of A123's Waltham, Massachusetts office and, therefore, acted as the head of A123's System Venture Technologies division.

4.      I replaced defendant Ijaz in his role at A123 upon his departure to Apple.

5.      A123 highly values its engineers (such as defendants Ijaz and Dafoe), scientists (such as defendants Erickson, Wang, and Throat), and technical managers (such as defendant Ijaz) because of the specialized nature of the product it develops and manufactures. Such employees have received on-the-job training at A123 and similar investment by A123.

6.      For example, A123's employees are highly compensated. Defendant Dafoe was earning over $220,000.00 in base salary in his last year with A123, together with a bonus in excess of $110,000.00.

7.      Defendant Ijaz's last base salary was over $294,000.00, and he earned a bonus in the same amount in 2014. Additionally, defendant Ijaz was paid a monthly living expenses stipend in the amount of $5,000.00.

8.      Further, A123 often pays significant relocation costs in order to secure the very best talent available. For example, A123 paid defendant Ijaz approximately $35,000.00, defendant Erickson $28,000.00, defendant Wang over $15,000.00, and defendant Thorat over $12,000.00 in relocation costs.

9.      A123's technical employees' skills – including the skills of the Individual Defendants – are not readily replaceable in the employment marketplace. Again, the Individual Defendants are all either PhD scientists or engineers. In the wake of defendants Erickson, Wang, and Thorat's departures, the projects that each was individually and principally responsible for have been effectively shut down for lack of PhD employees to replace these defendants.

10.      Furthermore, the departures of the Individual Defendants means that A123 has lost the substantial investment it made in each of these employees, and is now forced to scramble to find replacements at substantial cost to A123. To date, A123 has not been able to replace defendants Dafoe, Erickson, Wang, and Thorat.

11.      The loss of senior PhD's, engineers, and management is a serious loss to A123 of the expertise, skill and knowledge in which it has invested and which it has relied upon for both current and future product development.

12.      Finally, given that the departures of the Individual Defendants has effectively shut down projects at A123 for lack of personnel and forced A123 to scramble to try and find replacements and to otherwise minimize the damage done to its business, employee morale is

very low in A123's System Venture Technologies division. I fear that this may lead to a "snowball" effect and additional departures will occur, further damaging the business.

Signed this /7th day of February, 2015 under the penalties of perjury.

PATRICK HURLEY

D. SWEETING
Notary Public, State of Michigan
County of Wayne
My Commission Expires 03-17-2017
Acting in the County of ⎰⎰ᴋ⎰ᴧ⎰

**COMMONWEALTH OF MASSACHUSETTS**

MIDDLESEX COUNTY, ss.                    SUPERIOR COURT DEPARTMENT

A123 SYSTEMS LLC,

           Plaintiff,

    v.

APPLE INC., MUJEEB IJAZ, DON DAFOE,
MICHAEL ERICKSON, DaPENG WANG and
INDRAJEET THORAT

           Defendants.

Civil Action No. 15-482H

---

## PLAINTIFF A123 SYSTEMS LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTIVE RELIEF, AND EXPEDITED DISCOVERY

---

Plaintiff A123 Systems LLC ("*A123*"), by and through undersigned counsel, respectfully requests that the Court enter a temporary restraining order and preliminary injunction to stop defendant Mujeeb Ijaz from violating his Invention, Non-Disclosure, Non-Competition and Non-Solicitation Agreement with A123  with A123 (the "*Agreement*"). Specifically, the Court is asked to enjoin defendant Ijaz from breaching the Agreement by improperly soliciting A123's employees, either directly or indirectly, on behalf of defendant Apple Inc. ("*Apple*"). A123 also requests that the Court similarly enjoin defendant Apple from tortiously interfering with A123's rights under the Agreement by encouraging, participating in, or supporting defendant Ijaz's breach of the Agreement through his solicitation activities and from otherwise improperly raiding A123's key personnel Lastly, A123 seeks an order permitting it to take discovery on an expedited basis as more fully set forth below.

As set forth herein and in A123's Verified Complaint, defendant Ijaz has breached his Agreement by, among other things, participating in the improper solicitation of at least one other defendant in this matter – Don Dafoe. Defendant Dafoe is a former employee of A123 who now works for Apple. Defendant Dafoe, too, is subject to an Invention, Non-Disclosure, Non-Competition and Non-Solicitation Agreement. It is identical to defendant Ijaz's Agreement. Defendant Ijaz (on behalf of Apple) and Apple have solicited A123 personnel despite being fully aware of Mr. Ijaz's commitment to not solicit A123's employees and A123's rights under the Agreement. It appears that Apple, with the assistance of defendant Ijaz, is systematically hiring away A123's high tech PhD and engineering employees, thereby effectively shutting down various projects/programs at A123. They are doing so in an effort to support Apple's apparent plans to establish a battery division that is similar if not identical to A123's, in competition with A123, and despite actual knowledge that all of the individual defendants here (including Ijaz) are subject to Invention, Non-Disclosure, Non-Competition and Non-Solicitation Agreements that prohibit them from, among things, working in a substantially similar field as they did at A123 for a reasonable period of one year. Irreparable harm will come to A123 if Apple, with the assistance of defendant Ijaz, is allowed to continue raiding A123's employees and tortiously interfering with A123's rights under its agreements with its employees.

## FACTS[1]

### The Individual Defendants' Employment with A123.

Defendants Ijaz, Dafoe, Erickson, Wang, and Thorat (the "***Individual Defendants***") formerly worked in A123's System Venture Technologies division. Verified Complaint at ¶11. That division conducts research and development related to A123's lithium-ion battery

---

[1] All factual allegations made herein are supported by either the Verified Complaint or the Affidavit of Patrick Hurley dated February 12, 2015 (the "***Hurley Aff.***").

technology business. While employed at A123, the Individual Defendants were responsible for, among other things, developing and testing new battery technology and products and validating and testing existing battery technology and products. Id. at ¶12. Defendants Erickson, Wang, and Thorat are PhD scientists and while employed by A123 were each in charge of separate projects related to A123's business. Defendants Dafoe, Erickson, Wang, and Thorat reported directly to defendant Ijaz. Id. at ¶ 14. Defendant Ijaz was in charge of A123's Waltham, Massachusetts office and, therefore, acted as the head of A123's System Venture Technologies division. Id.

### The Individual Defendants' Exposure to A123's Confidential Information.

The Individual Defendants were in constant contact with and utilized A123's confidential and proprietary information as part of their employment. In recognition of this, and as a prerequisite to their employment with A123, the Individual Defendants each executed an Invention, Non-Disclosure, Non-Competition and Non-Solicitation Agreement for the benefit of A123. Id. at ¶15. The Individual Defendants' Non-Disclosure, Non-Competition and Non-Solicitation Agreements were intended to provide A123 with reasonable protections concerning its confidential and proprietary information and to otherwise protect A123's legitimate business interests. Specifically, the Individual Defendants (including defendant Ijaz) agreed that:

> all information, whether or not in writing, of a private, secret or confidential nature concerning the Company's [A123] business, business relationships or financial affairs (collectively, "Proprietary Information") is and shall be the exclusive property of the Company. … [the Individual Defendants] will not disclose any Proprietary Information to any person or entity other than employees of the Company or use the same for any purposes (other than in the performance of [their] duties as an employee of the Company) without written approval by an officer of the Company, either during or after [their] employment with the Company, unless and until such Proprietary Information has become public knowledge without fault by [the Individual Defendants].

Invention, Non-Disclosure, Non-Competition and Non-Solicitation Agreement at ¶1.

The Individual Defendants further agreed to refrain from competing with A123 in its battery business for a reasonable time period following the termination of their employment. Specifically, they agreed that, for a period of one year after the termination of their employment with A123, they would not:

> Engage in any business or enterprise … that is competitive with the Company's business, including but not limited to any business or enterprise that develops, manufactures, markets, or sells any product or service that competes with any product or service developed, manufactured, marketed, sold or provided, or planned to be developed, manufactured, marketed, sold or provided, by the Company while the [Individual Defendants were] employed by the Company; or Either alone or in association with others, sell or attempt to sell to any person or entity that was, or to whom the Company had made or received a proposal to become, a customer or client of the Company at any time during the term of the [Individual Defendants'] employment with the Company, any products or services which are competitive with any products or services developed, manufactured, marketed, sold or provided by the Company.

Invention, Non-Disclosure, Non-Competition and Non-Solicitation Agreement at ¶4(a), (c).

The Individual Defendants further agreed to refrain from soliciting A123's employees. Specifically, they agreed that, for a period of one year after the termination of their employment with A123, they would not:

> Either alone or in association with others (i) solicit, or permit any organization directly or indirectly controlled by the Employee to solicit, any employee of the Company to leave the employ of the Company, or (ii) solicit for employment, hire or engage as an independent contractor, or permit any organization directly or indirectly controlled by the Employee to solicit for employment, hire or engage as an independent contractor, any person who was employed by the Company at the time of the termination or cessation of the [Individual Defendants'] employment with the Company.

Invention, Non-Disclosure, Non-Competition and Non-Solicitation Agreement at ¶4(b).

The non-solicitation provision of the Invention, Non-Disclosure, Non-Competition and Non-Solicitation Agreements protects A123 against raids on its employee ranks, a particularly devastating activity for a company like A123 that invests time and money in maintaining its technical and management staff.

The Individual Defendants specifically acknowledged that all of the above-quoted restrictions on their post-employment activity were necessary for the protection of A123, that the breach of any of those restrictions would cause irreparable harm to A123, and that A123 would be entitled to an injunction restraining any such breach.  Invention, Non-Disclosure, Non-Competition and Non-Solicitation Agreement at ¶9(g).

**Apple's Entry into A123's Business and the Poaching of A123's Employees.**

Upon information and belief, Apple is currently developing a large scale battery division to compete in the very same field as A123. In connection with that development, beginning in or around June of 2014, defendant Apple embarked on an aggressive campaign to poach employees of A123 and to otherwise raid A123's business. To date, Apple has poached the five (5) Individual Defendants from A123. With the exception of defendant Ijaz, all of the Individual Defendants terminated their employment with A123 and began working for Apple within the last month. Verified Complaint at ¶¶23-27.

Upon information and belief, all of the Individual Defendants are working in a field of battery science, technology, and/or products that is substantially similar if not identical to the field they worked in at A123. A123's belief is informed by, among other things, defendant Ijaz's contact and solicitation of one of A123's external collaborators – SiNode Systems, on behalf of Apple. SiNode Systems, like A123, is in the business of researching, developing, and marketing lithium-ion battery technology. Defendant Ijaz worked with SiNode Systems on behalf of A123 in connection with its battery business. A123 has learned from SiNode Systems that defendant Ijaz solicited it on behalf of Apple. Verified Complaint at ¶¶36-41. Defendant Ijaz's solicitation of SiNode Systems confirms that his work on behalf of Apple is at least substantially similar (if not identical) to his work at A123. Indeed, there is every indication that Apple is trying to

replicate much of the management structure that existed at A123 while defendant Ijaz was still employed there – with defendants Dafoe, Erickson, Wang, and Thorat working as direct reports to defendant Ijaz.

**Defendant Ijaz Solicits A123 Employees in Direct Violation of his Agreement.**

The evidence uncovered by A123 to date indicates that defendant Ijaz has solicited one or more of the other Individual Defendants to leave their employment with A123 and begin working with Apple. A123's belief is informed by, among other things, defendant Ijaz being involved in defendant Dafoe's recruitment communications with Apple's agents. Id. at ¶¶28-29. Attached to the Verified Complaint as Exhibit F is an e-mail message from defendant Dafoe with Apple's hiring personnel in which defendant Ijaz is included. This e-mail confirms that defendant Ijaz either directly or indirectly solicited or was otherwise wrongfully involved in the hiring of defendant Dafoe in violation of his Agreement.

**Apple Disregards the Individual Defendants' Invention, Non-Disclosure, Non-Competition and Non-Solicitation Agreements.**

On December 22, 2014, A123 notified Apple in writing of defendant Ijaz's Invention, Non-Disclosure, Non-Competition and Non-Solicitation Agreement and A123's concerns that defendant Ijaz was violating that agreement by, among other things, soliciting employees and working in a similar if not identical field to the one he was involved in at A123. Verified Complaint at ¶44. A123 also expressed concerns that defendant Ijaz would inevitably disclose A123's Proprietary Information in connection with his employment with Apple. Also on December 22, 2014, A123 wrote to defendant Ijaz directly to remind him of his obligations under his Invention, Non-Disclosure, Non-Competition and Non-Solicitation Agreement and to request that he provide A123 with assurances that he has and will continue to adhere to that

agreement. Defendant Ijaz never responded or provided the requested assurances. Verified

Complaint at ¶46.

 Apple responded to A123's correspondence in writing on January 12, 2015, but failed to

provide any assurance that defendant Ijaz has not and will not disclose or utilize A123's

Proprietary Information, improperly solicit A123 employees, or improperly compete with A123.

Id. at ¶47. A123 responded by letter dated January 16, 2015 reiterating its concerns to Apple and

its belief that defendant Ijaz and defendant Dafoe were violating their Invention, Non-Disclosure,

Non-Competition and Non-Solicitation Agreements. Id. at ¶48. A123 also advised Apple that its

continued employment of former A123 employees may constitute, among other things, unlawful

interference with A123's contractual rights under the Invention, Non-Disclosure, Non-

Competition and Non-Solicitation Agreements. A123 demanded that Apple advise it as to what

defendants Ijaz and Dafoe were working on at Apple and whether or not said work was similar to

the work they performed on behalf of A123. Apple eventually responded by letter dated

February 6, 2015, but failed to offer assurances to A123 that defendant Ijaz had not been

involved in solicitations on behalf of Apple, and more fundamentally refused to identify the type

of work that the Individual Defendants were engaged in at Apple or to even acknowledge the

non-competition covenants in those individuals' Invention, Non-Disclosure, Non-Competition

and Non-Solicitation Agreements.

 The evidence to date demonstrates that Apple has openly disregarded A123's concerns

and its rights under the Individual Defendants' Invention, Non-Disclosure, Non-Competition and

Non-Solicitation Agreements by continuing to employ defendants Ijaz and Dafoe. Furthermore,

A123 believes that following A123's contact with Apple, Apple further disregarded A123's

rights by hiring defendants Erickson, Wang, and Thorat, despite knowledge of these defendants'

Non-Disclosure, Non-Competition and Non-Solicitation Agreements. The departure of defendant Ijaz left A123 without a leader at its System Venture Technologies division in Waltham, Massachusetts. Moreover, in the wake of defendants Erickson, Wang, and Thorat's departures to Apple, the projects that each was individually and principally responsible for at A123 have been effectively shut down for lack of PhD employees to replace these defendants. Hurley Aff. at ¶¶10-12.

**The Defendants' Actions Have Caused Irreparable Harm and Robbed A123 of its Investment in its Employees.**

A123 highly values its engineers (such as defendants Ijaz and Dafoe), scientists (such as defendants Erickson, Wang, and Throat), and technical managers (such as defendant Ijaz) because of the specialized nature of the product it develops and manufactures. Such employees have received on-the-job training at A123 and similar investment by A123. Id. at ¶5. For example, A123's employees are highly compensated. Defendant Dafoe was earning over $220,000.00 in base salary in his last year with A123, together with a bonus in excess of $110,000.00. Id. at ¶6. Defendant Ijaz's last base salary was over $294,000.00, and he earned a bonus in the same amount in 2014. Id. at ¶7. Additionally, defendant Ijaz was paid a monthly living expenses stipend in the amount of $5,000.00. Further, A123 often pays significant relocation costs in order to secure the very best talent available. For example, A123 paid defendant Ijaz approximately $35,000.00, defendant Erickson $28,000.00, defendant Wang over $15,000.00, and defendant Thorat over $12,000.00 in relocation costs. Id. at ¶8.

A123's technical employees' skills – including the skills of the Individual Defendants – are not readily replaceable in the employment marketplace. Again, the Individual Defendants are all either PhD scientists or engineers. Hurley Aff. at ¶9. In the wake of defendants Erickson, Wang, and Thorat's departures, the projects that each was individually and principally

responsible for have been effectively shut down for lack of PhD employees to replace these defendants. Id. at ¶ 12.

Furthermore, the departure of the Individual Defendants means that A123 has lost the substantial investment it made in each of these employees, and is now forced to scramble to find replacements at substantial cost to A123. To date, A123 has not been able to replace defendants Dafoe, Erickson, Wang, and Thorat. The loss of senior PhD's, engineers, and management is a serious loss to A123 of the expertise, skill and knowledge in which it has invested and which it has relied upon for both current and future product development. Id. at ¶¶10-11.

Finally, given that the departures of the Individual Defendants has effectively shut down projects at A123 for lack of personnel and forced A123 to scramble to try and find replacements and to otherwise minimize the damage done to its business, employee morale is very low in A123's System Venture Technologies division. A123 believes that this may lead to a "snowball" effect and additional departures will occur, further damaging the business. Id. at ¶12.

## ARGUMENT

The Court should enter a temporary restraining order and preliminary injunction against defendants Ijaz and Apple because: (1) A123 is likely to succeed success on the merits of its relevant claims; (2) A123 will suffer irreparable harm in the absence of an injunction; (3) such harm outweighs any harm that defendants Ijaz and Apple would suffer if the injunction were granted; and, (4) the public interest will not be adversely affected by issuing the injunction.  See Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616, 405 N.E. 2d 106 (1980).

I.   **A123 Is Likely to Prevail on the Merits of Its Breach of Contract Claim Against Defendant Ijaz.**

To prove a breach of contract claim, a plaintiff must show (1) the existence of a valid and binding contract, (2) that the defendant breached the terms of the contract, and (3) that the

plaintiff suffered damage. *Coll v. PB Diagnostic Sys., Inc.*, 50 F.3d 1115, 1122 (1st Cir. 1995)

(applying Massachusetts law). Here, Ijaz entered into a valid and binding contract with A123

containing an enforceable non-solicitation covenant. As demonstrated by his involvement with

Apple's recruitment of defendant Dafoe, defendant Ijaz clearly has violated that covenant. A123

has suffered and will continue to suffer irreparable harm as a result of defendant Ijaz's breach of

the Agreement. Accordingly, A123 has demonstrated that it is likely to prevail on its breach of

contract claim against defendant Ijaz.

### A. The Agreement Is Valid and Enforceable.

In Massachusetts, where a high-tech company has shown that it makes substantial

investment in its employees, enforcement of non-solicitation or "anti-raiding" covenants is

routine. For example, in Thomas Financial Networks, Inc. v. Norton et. al., No. 89-6492 (Mass.

Super. Ct. 1989) (Botsford, J.), the court issued a preliminary injunction based upon a finding

that it was likely that plaintiff would succeed on its claim for breach of the employment

agreement into which the defendants, ex-employees of the plaintiff, had entered. See Thomas

Financial Networks, slip. op. at 8-9 (citing Marine Contractors Co. v. Hurley, 365 Mass. 280,

310 N.E. 2d 915 (1974) and New England Patriots Football Club, Inc. v. University of Colorado,

592 F.2d 1196 (1st Cir. 1979)). That agreement prohibited the defendants from "soliciting or

hiring any employee of [plaintiff company] or any consultant then under contract with [plaintiff

company]" for a year following their termination. See id., slip. op. at 2. Concluding that an

employment agreement did in fact exist between defendant-employees and plaintiff-company,

the court went on to determine that the non-solicitation clause of that agreement was enforceable:

> The non-solicitation agreement is not a restraint on trade in the same manner as a
> non-compete agreement, and thus is not subject to the same type of scrutiny as the
> latter. *If the non-solicitation provision is reasonable and protects the legitimate
> interest of the employer, it will be enforced.* The apparent purpose of the provision

> … is *to protect [plaintiff company] against raiding of its highly and specially*
> *trained employees* …, whose skills, knowledge and expertise may have taken a
> significant amount of time with the company to develop.  This is a legitimate goal
> for a company operating in a very sensitive and technologically sophisticated field
> …, and the length of the restriction … appears to be reasonable.  <u>Id.</u> at 8-9
> (emphasis added).

In a subsequent case, <u>Cambridge Technology Partners v. Sims et. al.</u>, No. 00-1687 (Mass.

Super. Ct. 2000) (Kern, J.),  the court issued a preliminary injunction enforcing the non-hire and

non-solicitation clauses in employment contracts between defendant-employees and plaintiff-

company.  The contract at issue there, like the one cited above in <u>Thomas Financial Networks,</u>

<u>Inc.</u> and the one at issue in the present case, required that a former employee "will not hire or

assist in hiring any employees of [plaintiff company] and will not encourage any employee to

leave [plaintiff company's] employment."  <u>Id.</u>, slip. op. at 7.  Upon a determination that the

plaintiff was likely to succeed on its breach of contract claim, and that plaintiff's "risk of harm,

*i.e.*, losing its best employees -- is substantial and well founded," the court enjoined the

defendants "for two (2) years from his or her respective date of termination with [plaintiff

company] from hiring or soliciting or assisting in hiring any [plaintiff company] employee."  <u>Id.</u>

at 8.  Notably, the court issued this order even though it found that the rival employer had not

been shown to be a competitor.

A123's situation falls squarely within the above cited precedent.  The anti-raiding

language in defendant Ijaz's Agreement (and the other Individual Defendants' Invention, Non-

Disclosure, Non-Competition and Non-Solicitation Agreements) is similar to the contractual

language in these cases.  Like the plaintiffs in <u>Thomas Financial Networks</u> and <u>Cambridge</u>

<u>Technology Partners</u>, A123 is a high-tech company that invests substantial resources in the

hiring and training of its employees. Therefore, as in those cases, A123 is entitled to an order

enjoining defendant Ijaz from conducting or participating in improper solicitations and raiding of

A123 employees. See Modis, Inc. v. Revolution Corp., 1999 Mass. Super. LEXIS 542 (Mass.

Super. Ct. 1999)(enforcing one year anti-raiding restriction and noting that such provisions are

reasonable even where doubled in duration); Zona v. McKinnon, 28 Mass. L. Rep. 233 (Mass.

Super. Ct. 2011) (enforcing one-year non-solicitation agreement).

Similarly, where, as here, there is evidence supporting the allegations that the defendant

has violated his non-solicitation/anti-raiding covenant by encouraging, directly or indirectly,

other high level employees to join him at his new employer, A123 has a likelihood of prevailing

on its claim. See Hilb, Rogal & Hobbs v. Kinloch Partners, Inc. et al., No. 07-5549-BLS2 (Mass.

Super. Ct. 2007) (granting injunction concerning anti-raiding covenant where former employee

was indirectly involved in hiring efforts by allowing new employer to use his name and business

plans to induce employees from former employer); State St. Corp. v. Barr, 1999 Mass. Super.

LEXIS 432 (Mass. Super. Ct. 1999)(granting injunction concerning anti-raiding covenant where

former employee was indirectly involved with recruiter's efforts to hire away plaintiff's

personnel).

It should be noted that the "anti-raiding" line of cases is distinguishable from the more

common cases involving the enforcement of covenants not to solicit *clients and business* of a

former employer or not to work for a competitor.  Those more commonly litigated "non-

compete" agreements are subject to a higher threshold test than "anti-raiding" covenants because

they may restrain trade in a manner that impermissibly prevents ordinary competition in the

marketplace.  See, e.g., Insight Global LLC v. Signature Consultants LLC, No. 2012-4556-BLSI

(2013); Modis, Inc. v. Revolution Group, Ltd., 1999 WL 1441918, at *5 (Mass. Super. Ct. 1999).

Although, even non-compete agreements, of course, are routinely enforced by Massachusetts

courts in appropriate circumstances.[2]  In contrast, the relief requested by A123 raises no such anti-competitive concerns in that it does not seek to restrain defendant Ijaz's work activities (or Apple's business activities) in any manner.

In sum, A123 has a legitimate business interest in protecting its employee base from the raiding activities conducted by defendant Ijaz in breach of his Agreement, which is valid and enforceable under Massachusetts law.

**B.      Ijaz Has Violated his Agreement.**

The Agreement precludes Ijaz from being involved, directly or indirectly, in the solicitation of A123's employees for a period of one year following his termination. Defendant Ijaz ceased working with A123 and began working for Apple in June of 2014. As demonstrated, less than a year later (January 2015), he was involved in hire of defendant Dafoe (at least) by Apple. This is a clear violation of the non-solicitation obligations of his Agreement.

**C.      A123 Will Suffer Damages as a Result of Ijaz's Breach.**

As explained more fully below in connection with A123's demonstration of irreparable harm and by Mr. Hurley in his affidavit, the departure of defendant Ijaz and his wrongful solicitation of A123's employees have caused considerable damage to A123. This includes, but is not limited to, the loss of a substantial monetary investment in the Individual Defendants, the effective termination of projects that they were in charge of on behalf of A123, and decreased employee morale.

For the foregoing reasons, A123 has demonstrated a likelihood of success on the merits of its claim that defendant Ijaz has breached his Agreement with A123.

---

[2] See id. at *9.  See also Marcam Solutions Inc. v. Sweeney, No. 98-1142, 1998 WL 1284184, at *2 (Mass. Super. Ct. 1998)(Neel, J.); Bowne of Boston v. Levine and Merrill Co., No. 97-5789, 1997 WL 781444 (Mass. Super. Ct. 1997)(Burnes, J.).

II.   **A123 Is Likely to Prevail on the Merits of Its Tortious Interference Claims Against Defendants Ijaz and Apple.**

It is clear that defendant Ijaz (on behalf of Apple) and Apple have taken and continue to take some of the most highly qualified and experienced employees from A123 and install them in Apple's battery division, which A123 believes is intended to be in direct competition with A123. Both defendants Ijaz and Apple were fully aware of A123's non-solicitation covenants with its employees, and yet they actively disregard that covenant by allowing defendant Ijaz to participate in Apple's recruitment of A123 employees. In so doing, defendants Ijaz and Apple are acting tortiously, stealing the fruits of A123's investment in its competitive and sophisticated workforce through the improper means of breaches of non-solicitation agreements. See United Truck Leasing Co., v. Geltman, 406 Mass. 811, 812-813, 551 N.E. 2d 20 (1990) (regarding elements of tortious interference with contract). This creates liability for defendants Ijaz and Apple for tortious interference with contractual relations. Since A123 is likely to prevail on its claims against defendants Ijaz and Apple, both should be enjoined from further recruitment activity at A123 that violates Ijaz's Agreement the Invention, Non-Disclosure, Non-Competition and Non-Solicitation Agreements A123 has with its employees.

III.   **A123 Will Suffer Irreparable Harm If an Injunction Is Not Granted.**

The damage done to A123 as a result of defendant Ijaz's direct breach of his non-solicitation obligations and both his and Apple's tortious interference with A123's rights under its Invention, Non-Disclosure, Non-Competition and Non-Solicitation Agreements with its employees is considerable. The departures of the Individual Defendants has caused the effective shutdown of the A123 projects that each was individually and principally responsible for due to the lack of PhD employees to replace these defendants. Hurley Aff. at ¶12. Furthermore, the departure of the Individual Defendants means that A123 has lost the substantial investment it

made in each of these employees, and is now forced to scramble to find replacements at substantial cost to A123. Id. at ¶¶10-11.

Further wrongful raiding of A123's employees – including high-level scientists and engineers like the Individual Defendants – will only increase the significant damage done to A123 thus far. A123 has presented sufficient evidence that the drain of expertise at A123 could reach a "critical mass," which will cause such damage that A123 will have no adequate remedy at law. See Planned Parenthood League of Massachusetts, Inc. v. Operation Rescue, 406 Mass. 701, 710, 550 N.E. 2d 1361 (1990). For theses reason, injunctive relief is necessary.

**IV.**   **The Balance of Hardship Tips Decidedly in Favor of A123.**

Balancing the hardships is straightforward in this case. A123 has demonstrated that it will suffer irreparable harm if injunctive relief is not granted and Ijaz is not required to comply with his contractual obligations and both defendants Ijaz and Apple are free to continue to wrongfully raid A123's employees and disregard A123's Invention, Non-Disclosure, Non-Competition and Non-Solicitation Agreements. On the other hand, neither of these defendants can prove that issuance of an injunction enforcing Ijaz's Agreement and preventing further wrongful interference with A123's contractual relations will cause them any harm. A123 does not intend to prevent Ijaz from making a living or Apple from conducting its business. A123 is not at this time seeking to enforce a non-compete, simply a reasonable non-solicitation covenant.[3] Thus, the balance of harms requires that the Court grant the requested preliminary injunction. *See George Guertin Trophy, Inc. v. Guertin Graphics, Inc.,* No. 071610A, 2007

---

[3] A123 may subsequently move the Court for broader injunctive relief depending on what is uncovered in discovery. As explained in the Verified Complaint, A123 has legitimate concerns that the Individual Defendants are violating the non-disclosure and non-competition covenants in their Invention, Non-Disclosure, Non-Competition and Non-Solicitation Agreements. These concerns prompt A123 to seek expedited discovery. Pending that discovery, A123 respectfully requests the narrow injunctive relief requested herein.

Mass. Super. LEXIS 511 at *5 (Mass. Super. Ct. 2007) (granting a preliminary injunction after "balanc[ing] the potential harm faced by the moving party compared to the harm that the preliminary injunction would inflict on the nonmoving party") (citing *Packaging Industries Group. Inc. v. Cheney*, 380 Mass. 609, 616-17 (1980).

**V.      The Relief Requested By A123 is Consistent With the Public Interest.**

No serious public policy is implicated in the granting of a preliminary injunction in this case.  A123 is only asking that defendants be restricted in their illegal solicitation activities and that they recognize and adhere to A123's rights under its Invention, Non-Disclosure, Non-Competition and Non-Solicitation Agreements. Enforcing contracts and restricting the raiding capabilities of defendants like Ijaz and Apple is good public policy. A temporary restraining order and preliminary injunction in this case will uphold the security and enforceability of A123's freely bargained-for contracts.  See Shipley Co., 926 F. Supp. 28, 30 (D. Mass. 1996).

**VI.     A123 is Entitled to Expedited Discovery.**

A123's application only seeks to narrowly enjoin defendants Ijaz and Apple with respect to the non-solicitation covenants in A123's Invention, Non-Disclosure, Non-Competition and Non-Solicitation Agreements. However, as explained in the Verified Complaint, A123 suspects that the Individual Defendants are also improperly competing with A123 and/or will inevitably disclose A123's proprietary information in connection with their work at Apple, and that Apple, being aware of the restrictions on such in these defendants' Invention, Non-Disclosure, Non-Competition and Non-Solicitation Agreements, may be liable to A123. To date, Apple has failed and refused to inform A123 as to precisely what the Individual Defendants are working on at Apple. In light of the foregoing, A123 respectfully submits that it is entitled to conduct expedited discovery in advance of the hearing on its application for preliminary injunctive relief, and asks that the Court grant A123 the same. Acordia Northeast, Inc. v. Academic Risk Res. & Ins., LLC,

2005 Mass. Super. LEXIS 130 (Mass. Super. Ct. 2005)(allowing expedited discovery for party to seek evidence to substantiate claims in restrictive covenant dispute); Juan v. La Rosa Del Monte Express, LLC, 2005 Mass. Super. LEXIS 535 (Mass. Super. 2005)(allowing employer's request for expedited discovery to enable employer to "determine how and whether to seek interlocutory relief against what it believes are violations of [plaintiff employee's] agreement"). Specifically, A123 seeks discovery concerning the following subjects in advance of any hearing:

1. The Individual Defendants' employment at Apple, including job responsibilities, and the execution and consideration for any agreements between the Individual Defendants' and Apple and/or its agents;

2. Documents or information in the possession of any defendant to this action concerning the employment of the Individual Defendants with both A123 and Apple;

3. Apple's knowledge of, review of, and reaction to the Individual Defendants' Invention, Non-Disclosure, Non-Competition and Non-Solicitation Agreements;

4. Apple's efforts over the last year to recruit individuals similar to the Individual Defendants to work in the same area at Apple that the Individual Defendants work in;

5. Apple's current involvement with, and business plan concerning, the research and development of the battery technology that the Individual Defendants are involved with at Apple;

A123 also seeks leave to serve Defendants with additional requests for discovery, including interrogatories and document demands, and an order that Defendants must respond to all such demands within ten (10) days of the Court's grant of the request for expedited discovery. A123 further requests that the Court permit it to depose the Individual Defendants and the appropriate

{K0434357.1}

designee(s) of Apple, pursuant to Mass. R. Civ. P. 30(b)(6), with the most knowledge concerning

the foregoing with fourteen (14) days of A123's receipt of Defendants' discovery responses.

## CONCLUSION

For the foregoing reasons, A123 respectfully requests that the Court enjoin defendant Ijaz

from breaching his Agreement by improperly soliciting A123's employees, either directly or

indirectly, on behalf of defendant Apple. A123 also requests that the Court enjoin defendant

Apple from tortiously interfering with A123's rights under the Agreement by encouraging,

participating in, or supporting defendant Ijaz's breach of the Agreement through his solicitation

activities and from otherwise improperly raiding A123's key personnel. A123 also requests that

the Court allow the expedited discovery detailed herein.


A123 SYSTEMS LLC

By its attorneys,


Michael L. Rosen (BBO No. 559954)
mrosen@foleyhoag.com
Lyndsey M. Kruzer (BBO No. 675797)
lkruzer@foleyhoag.com
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02210
Tel:  617.832.1000
Fax: 617.832.7000

/s/ *Robert S. Gilmore*
Robert S. Gilmore
(*to be admitted pro hac vice*)
rsg@kjk.com
Robert J. Bowes
(*to be admitted pro hac vice*)
rjb@kjk.com
Kohrman Jackson & Krantz P.L.L.
20th Floor, One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44114
216-696-8700

Date: February 13, 2015