UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| A123 SYSTEMS LLC,<br><br>           Plaintiff,<br><br>    v.<br><br>APPLE INC., MUJEEB IJAZ, DON DAFOE, MICHAEL ERICKSON, DaPENG WANG and INDRAJEET THORAT<br><br>           Defendants. | Civil Action No. 15-cv-10438-DPW<br><br>**Filed In Massachusetts Superior Court, Middlesex County, on 2/13/2015** |

## PLAINTIFF A123 SYSTEMS LLC'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTIVE RELIEF, AND EXPEDITED DISCOVERY

Pursuant to Rule 65 of the Massachusetts Rules of Civil Procedure and Superior Court Rule 9A(e)(1), Plaintiff A123 Systems, LLC ("A123") respectfully requests that this Court enter a temporary restraining order and preliminary injunction against defendants Mujeeb Ijaz and Apple Inc. ("Apple"), and direct expedited discovery against defendants Apple, Ijaz, Don Dafoe Michael Erickson, Dapeng Wang, and Indrajeet Thorat (collectively, "Defendants"). As grounds for this Motion, A123 states:

1.    Ijaz, a former employee of A123, has violated his Invention, Non-Disclosure, Non-Competition, and Non-Solicitation Agreement (the "Agreement") with A123 by soliciting, on behalf of his new employer, Apple, A123's employees. Such solicitation has already caused defendants Dafoe, Erickson, Wang, and Thorat to defect from A123 to Apple within the past month.

2.    Apple, fully aware of the Agreement, nevertheless encouraged Ijaz to violate the Agreement and solicit A123's workforce. Apple tortiously interfered with the Agreement by poaching Ijaz, Dafoe, Erickson, Wang, and Thorat from A123. Ijaz, Dafoe, Erickson, Wang, and

Thorat all had access to A123's proprietary and confidential information, and Apple intends to become a competitor of A123.

3. A123 is entitled to a temporary restraining order because, absent prompt injunctive relief, A123 will suffer substantial and irreparable harm.

4. A123 is entitled to a preliminary injunction to prevent defendants Ijaz and Apple from causing irreparable harm and enjoying the fruits of their wrongful conduct, because:

(a) A123 has presented sufficient evidence that it has a reasonable likelihood of success on the merits of its claims;

(b) A123 will suffer irreparable harm if immediate injunctive relief is not granted; and

(c) These defendants have no legitimate interest in continuing their wrongful conduct and, as such, the balance of the equities weighs in favor of granting a preliminary injunction in favor of A123.

5. A123 is entitled to expedited discovery in advance of the hearing on its application for preliminary injunctive relief, because:

(a) Defendants Apple and Ijaz (and perhaps the remaining defendants) likely have obtained A123's confidential and proprietary information, and

(b) Apple refuses to inform A123 of what Ijaz, Dafoe, Erickson, Wang, and Thorat are working on for Apple, and

(c) This information goes to substantiate the basis of A123's restrictive covenant claims.

In further support of this Motion, A123 relies upon its supporting Memorandum of Law, its Verified Complaint, and the Affidavit of Patrick Hurley.

WHEREFORE, A123 respectfully requests that the Court:

1. Grant this Motion;

2. Require the Defendants to return to A123 any of its confidential documents, files, information or other property still in their possession;

3. Enjoin Ijaz from breaching his Agreement with A123;

4. Enjoin Ijaz from soliciting A123's employees;

5. Enjoin Apple from tortiously interfering with A123's rights under the Agreement;

6. Enjoin Apple from tortiously interfering with A123's contractual relationships with its employees by improperly raiding personnel;

7. Order discovery in advance of any hearing concerning:

   a. Ijaz, Dafoe, Erickson, Wang, and Thorat's employment at Apple, including job responsibilities, and the execution and consideration for any agreements between Apple and/or its agents and any of the Defendants;

   b. Any documents or information in the possession of any defendant to this action concerning the employment of Ijaz, Dafoe, Erickson, Wang, and Thorat with both A123 and Apple;

   c. Apple's knowledge of, review of, and reaction to any of the Invention, Non-Disclosure, Non-Competition, and Non-Solicitation Agreements entered into by Ijaz, Dafoe, Erickson, Wang, and/or Thorat;

   d. Apple's efforts over the last year to recruit individuals similar to Ijaz, Dafoe, Erickson, Wang, or Thorat to work in the same area at Apple that any of the Defendants worked in;

   e. Apple's current involvement with, and business plan concerning, the research and development of the battery technology that Ijaz, Dafoe, Erickson, Wang, and Thorat are involved with at Apple;

8. Order that Defendants respond to all additional requests for discovery, including interrogatories and document demands, within ten (10) days of the Court's grant of the request for expedited discovery;

9. Order that Ijaz, Dafoe, Erickson, Wang, and Thorat, and Apple's appropriate designees be deposed regarding their knowledge of the foregoing subjects, pursuant to Mass. R. Civ. P. 30(b)(6), within fourteen (14) days of A123's receipt of Defendants' discovery responses; and

10. Award such other and further relief that this Court deems just and proper.

### REQUEST FOR ORAL ARGUMENT

Defendants respectfully request that the Court grant oral argument on this motion because a hearing will assist the Court in resolving the issues presented herein.

**A123 SYSTEMS LLC**

By its attorneys,

/s/ *Lyndsey M. Kruzer*
Michael L. Rosen (BBO No. 559954)
mrosen@foleyhoag.com
Lyndsey M. Kruzer (BBO No. 675797)
lkruzer@foleyhoag.com
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02210
Tel:  617.832.1000
Fax: 617.832.7000

/s/ *Robert S. Gilmore*
Robert S. Gilmore
(*to be admitted pro hac vice*)
rsg@kjk.com
Robert J. Bowes
(*to be admitted pro hac vice*)
rjb@kjk.com
Kohrman Jackson & Krantz P.L.L.
20th Floor, One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44114
216-696-8700

**Certificate of Service**

I, Lyndsey M. Kruzer, certify that on February 18, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing, and via first class mail to the following unregistered participants:

Mujeeb Ijaz
6300 Rue Du Lac
West Bloomfield, MI 48325

Don Dafoe
1623 Ewald Ave.
Marlborough, MA 01752

Dapeng Wang
13 Judith Lane Apt 10.,
Marlborough, MA 02452

Indrajeet Thorat
448 Old Connecticut Path  #2
Framingham, MA 01701

Michael Erickson
655 Colleen Drive
San Jose, CA 95123

*/s/ Lyndsey M. Kruzer*