UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| A123 SYSTEMS LLC,<br><br>　　　　　Plaintiff<br>　v.<br><br>APPLE INC., MUJEEB IJAZ, DON DAFOE, MICHAEL ERICKSON, DEPENG WANG and INDRAJEET THORAT,<br><br>　　　　　Defendants. | Civil Action No. 1:15-cv-10438-DPW |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
<u>RULE 12(B)(6) MOTION TO DISMISS</u>**

Defendants Apple, Inc. ("Apple"), Mujeeb Ijaz, Don Dafoe, Michael Erickson, Dapeng Wang and Indrajeet Thorat (collectively, the "Individual Defendants" and with Apple, the "Defendants") bring this Motion pursuant to Rule 12(b)(6) to dismiss Plaintiff A123 Systems LLC's ("Plaintiff" or "A123") Complaint in its entirety.

A123's Complaint and each cause of action contained within it are based solely on labels and conclusions. As currently pled none of the causes of action can withstand scrutiny under the federal pleading standard. As the Supreme Court has stated, a complaint must contain sufficient factual matter to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). Under this standard, each of Plaintiff's claims fails.

The breach of contract allegations against the Individual Defendants (Counts I-III) are premised on baseless conjecture that they engaged in improper solicitation and competition when there is no basis in the facts presented in the Complaint to support this. The tortious interference claim against Apple and Mr. Ijaz (Count IV) fails because Plaintiff has not and cannot allege that either Defendant acted with improper motive or means; indeed, the actions A123 ascribes to both

1

constitute lawful and appropriate hiring practices. The M.G.L. c. 93A unfair competition claim against all Defendants (Count V) fails because it is derivative of the defunct Count IV. The claim for misappropriation of trade secrets against all Defendants (Count VI) cannot proceed because Plaintiff does not adequately plead the existence of a trade secret or any unlawful use thereof. Finally, the claim for "raiding" against Apple (Count VII) does not state a claim because no such cause of action exists under Massachusetts law. Accordingly, these claims should be dismissed, with prejudice.

## I.   FACTUAL BACKGROUND

### A.   The Parties

Apple is a California corporation that designs and sells consumer electronics. Compl. ¶ 2. A123 designs and manufactures batteries for commercial and industrial applications. *Id*. ¶ 1. Mr. Ijaz formerly worked for A123; he left A123 in June 2014 and began working for Apple that month. *Id.* ¶ 27. The other Individual Defendants were also A123 employees, and started working for Apple in January or February 2015. *Id.*

### B.   The Allegations of the Complaint[1]

The Complaint relies almost entirely on allegations made on "information and belief." The only concrete allegations are: (1) the Individual Defendants signed restrictive covenant agreements with A123 or a predecessor, A123 Systems, Inc. (Compl. Exhs. A-E); (2) Apple has hired the Individual Defendants (*Id*. ¶ 25); (3) Mr. Dafoe sent an email that copied Mr. Ijaz regarding a background check provider on January 8, 2015 (*Id*. Exh. F), after Mr. Dafoe had left A123; (4) Mr. Ijaz contacted a third-party battery company, SiNode Systems (with no detail provided regarding what this alleged communication concerned) (*Id*. ¶¶ 37-41); and (5) Plaintiff

---

[1] Defendants assume the facts alleged in the Complaint for the purposes of this Motion only. Defendants reserve all defenses.

2

found a job description for an "Engineering Program Manager" on Mr. Thorat's A123 computer (*Id.* ¶ 42, Exh. G).

From these narrow strands, Plaintiff weaves an elaborate but ultimately incorrect and unsupportable theory. It alleges based on the aforementioned allegations that:

1. All of the Individual Defendants are competing with A123, in contravention of non-compete provisions in their Agreements. Compl. ¶¶ 54-58.

2. All of the Individual Defendants "contacted" unidentified "A123 employees … for the purpose of inducing them to cease their employment with A123 and/or become employees of and perform services for Apple," in contravention of employee non-solicitation provisions in their Agreements. *Id.* ¶¶ 59-62.

3. All of the Individual Defendants "cop[ied] and retain[ed]" unidentified "information, documents and files" from A123 and disclosed same, in contravention of non-disclosure provisions in their Agreements. *Id.* ¶¶ 63-66.

4. Apple and Mr. Ijaz tortiously interfered with advantageous business relations by hiring the Individual Defendants. *Id.* ¶¶ 67-73.

5. All Defendants engaged in unfair competition by recruiting A123 employees. *Id.* ¶¶ 74-79.

6. All Defendants misappropriated A123 trade secrets. *Id.* ¶¶ 80-84.

7. Apple engaged in "raiding." *Id.* ¶¶ 85-90.

These conclusory allegations form the entire basis of A123's complaint. Yet they are unsupported by any other factual allegations and are insufficient under Massachusetts law to state a cognizable claim on which relief may be granted.[2]

---

[2] Defendants assume, for the purposes of this motion only, that Massachusetts law applies. However, Defendants reserve the right to argue that the law of another jurisdiction governs this dispute.

## II.   DISCUSSION

### A.   Legal Standard

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Rather, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"Speculation, unaccompanied by any factual predicate, is not sufficient to confer plausibility" to overcome a motion to dismiss. *Morales-Cruz v. Univ. of Puerto Rico*, 676 F.3d 220, 225 (1st Cir. 2012). Further, allegations made on "information and belief" can only be used to support a cause of action when they are "based on secondhand information that the asserting party believes to be true." *Menard v. CSX Transp., Inc.*, 698 F.3d 40, 44 n.5 (1st Cir. 2012). Here, because Plaintiff's Complaint rests on unfounded speculation, fails to plead facts sufficient to show any entitlement to relief, and does not advance theories supported by relevant authority, Plaintiff's Complaint should be dismissed in its entirety.

### B.   There Are No Plausible Allegations that the Individual Defendants Are Competing with A123 (Count I)

Plaintiff does not assert any tangible facts that would lead to a reasonable inference that the Individual Defendants are breaching their non-competition covenants with A123 and, thus, Count I cannot proceed. To prove a breach of contract claim, a plaintiff must show: (1) existence of a valid and binding contract, (2) that the defendant breached the terms of the contract, and (3)

the plaintiff has suffered damages from the breach. *Coll v. PB Diagnostic Sys., Inc.*, 50 F.3d 1115, 1122 (1st Cir. 1995).

The Complaint fails to allege that any of the Individual Defendants breached their non-compete provisions with A123.[3] The non-compete clauses only prohibit the Individual Defendants from "develop[ing,] manufactur[ing,] market[ing,] or sell[ing] a product or service that competes with an A123 product or service." Compl., Exhs. A-E, at ¶ 4(a). Nothing in the Complaint suggests that the Individual Defendants are working on any product that would compete with any A123 products. Notably, the Complaint admits that Apple and A123 do not compete: Apple is a consumer electronics company that develops and purchases batteries for use in Apple products, whereas A123 manufactures and sells batteries for sale to commercial and industrial customers. Compl. ¶¶ 1-2. While Plaintiff speculates that Apple may be entering a similar field of technology "on information and belief" (Compl. ¶ 23), its only basis for this allegation is a purported non-descript (and ultimately false) contact between Mr. Ijaz and a third party (Compl. ¶¶ 37-41), and one job description supposedly found on Mr. Thorat's old computer (Compl. Exh. G). The simple fact Mr. Ijaz allegedly contacted a third party who collaborated with A123, without more, is far from enough to support the broad conclusion that a consumer electronics company is entering into the market to sell commercial or industrial batteries. Similarly, the job description attached to the Complaint says nothing about commercial or industrial products, and recites that Apple is seeking individuals with with 5+ years of technical experience in Computer or Consumer Electronics. Because Count I is founded on nothing more

---

[3] Plaintiff will ultimately be unable to establish the first element of this cause of action as to some, if not all, Individual Defendants. Two of the individual defendants (Ijaz and Dafoe) experienced significant material changes in their employment over more than a six-year period. Ultimately these Defendants will be able to establish that the restrictive covenants they signed with A123's predecessor are no longer valid. Defendant Erickson's contract will be unenforceable because he at all times resided and worked in California, which has a strong public policy prohibiting non-compete agreements. And Defendants Thorat and Wang will be able to demonstrate that their contracts were either voided by material changes or because of the unreasonableness of the restrictive covenants they contain.

than bare speculation and unfounded conclusions, Plaintiff fails to state a claim, and it should be dismissed.

### C. Plaintiff Fails to Allege Breach of the Employee Non-Solicitation Covenants (Count II)

Plaintiff's claim for breach of the non-solicitation clause, Count II, fares no better. There is no allegation whatsoever that Mr. Dafoe, Mr. Wang, Mr. Erickson or Mr. Thorat solicited any employee at A123, meaning Plaintiff states no claim for breach of contract against them.

As for Mr. Ijaz, Plaintiff's entire cause of action rests on a single email, sent by Mr. Dafoe on which Mr. Ijaz was copied in January 2015 concerning a background check that Mr. Dafoe had completed. This communication occurred after Mr. Dafoe had already left A123. Based solely on this email, A123 concludes that Mr. Ijaz "directly or indirectly solicited or was otherwise wrongfully involved in the hiring" of Mr. Dafoe. Complaint ¶ 30. However, the Complaint lacks any contention that Mr. Ijaz, other than receiving this email from Mr. Dafoe, engaged in any act that would constitute solicitation. This threadbare allegation cannot support a claim that Mr. Ijaz breached his non-solicitation agreement.

### D. The Complaint Is Devoid of Allegations of Breach of the Non-Disclosure Covenants (Count III)

Count III, alleging violation of the Individual Defendants' non-disclosure covenants, simply has no support in the Complaint. Plaintiff contends that the Individual Defendants breached their non-disclosure obligations by copying, retaining, and ultimately disclosing A123 information. Compl. ¶ 64. The Complaint does not contain a single factual allegation supporting this conclusion. It does not identify what information, documents or files any of the Individual Defendants purportedly copied, retained or disclosed. Nor does it identify which Individual Defendants allegedly took any such materials or when and how they allegedly disclosed this material to Apple. Plaintiff simply recites in conclusory fashion the elements of this claim

without reference to any facts.  This is insufficient, and Count III should be dismissed.

  **E.**  **Plaintiff Cannot State a Claim Against Apple for Tortious Interference or "Raiding"  (Count IV and VII)**

  Plaintiff's claims for "tortious interference" and "raiding" against Apple are wholly unsupported.  At the outset, there is no freestanding cause of action in Massachusetts for "raiding;" no cases in Massachusetts or the First Circuit have adopted or recognized any such claim.  The "raiding" count appears to simply restate the tortious interference claim, so Defendants will analyze it under that rubric.

  To establish a claim for tortious interference with advantageous business relations,[4] one must prove (1) the existence of a business relationship with contemplated economic benefit; (2) the defendant's knowledge of the business relationship; (3) the defendant's intentional interference with the business relationship for an improper purpose or by improper means; and (4) damages. *Comeau v. Town of Webster*, 881 F.Supp.2d 177, 190 (D.Mass. 2012).

  To establish the third element – improper purpose or improper means – "simply showing an interference with business relations is not enough." *Trent Partners & Assocs., Inc. v. Digital Equip. Corp.*, 120 F.Supp.2d 84, 112 (D.Mass. 1999).  Instead, the plaintiff must prove that the defendant's "real motive … was to hurt" the plaintiff. *United Truck Leasing Corp. v. Geltman*, 406 Mass. 811, 817 (1990).  Plaintiff fails to allege any such improper purpose or means on the part of Apple.  Plaintiff asserts that A123 received "economic benefit … from the business activities of the Individual Defendants," and that Apple "sought to take those benefits" by hiring the Individual Defendants.  Compl. ¶ 70.  Yet, "advancement of one's economic interest is not an improper motive." *TalentBurst, Inc. v. Collabera, Inc.*, 567 F.Supp.2d 261, 268-69 (D.Mass. 2008); *see Hunneman Real Estate Corp. v. Norwood Realty, Inc.*, 54 Mass. App. Ct. 416, 429

---

[4]  Plaintiff does not allege that Apple or Mr. Ijaz interfered with A123's Agreements with the Individual Defendants or any other contract, but only asserts interference with the employee-employer relationship the Individual Defendants had with A123.  *See* Compl. ¶¶ 67-73.

(2002) (if a defendant's "conduct is directed, at least in part, to advancing his competitive interest," there is no improper interference). And, as a result, "the offering of a job to a competitor's at-will employee … does not as matter of law constitute improper means." *TalentBurst*, 567 F.Supp.2d at 268-69 (emphasis supplied).

In short, the mere allegation that Apple hired A123's employees to obtain their "economic benefit" does not present a cognizable claim. Indeed, Plaintiff's theory is absurd: every time one company hires an employee of another company, it is seeking to "take economic benefit" from the former employer. Plaintiff does not and cannot allege that Apple acted with improper motive or means, and therefore no claim for tortious interference lies. *See id.*; *Upromise, Inc. v. Angus*, 2014 U.S. Dist. LEXIS 7134, *26-27 (D.Mass. Jan. 21, 2014) ("simply hiring an employee – whether or not the employee was subject to a non-compete with his former employer – is not sufficient to show improper motive or means"); *Synergistics Tech., Inc. v. Putnam Invs., LLC*, 74 Mass.App.Ct. 686, 690 (2009) (no improper motive or means shown by defendant hiring plaintiff's employee).

Apple anticipates Plaintiff will argue that the fact Apple hired a number of A123 employees, rather than just one, alters the analysis, but it does not. It is the Commonwealth's public policy that "at-will employees should be allowed to change employers freely and competition should be encouraged." *Augat, Inc. v. Aegis, Inc.*, 409 Mass. at 172. Indeed, as explained in *Augat,* even if one company "intended to cripple [another] in order to ease [its] entry into the market," it would still not give rise to an actionable claim, because "the possibility of crippling, or even destroying, a competitor is inherent in a competitive market." *Id.* at 177 (emphasis supplied). This is well illustrated in *Perishables by Air v. Oceanair, Inc.*, 68 Mass.App.Ct. 1110, 2007 Mass. App. Unpub. LEXIS 724 (2007). There, the defendant hired away the plaintiff's entire workforce, driving the plaintiff out of business. *Id.* at *1. Nonetheless,

the Appeals Court held the plaintiff had no cause of action, and affirmed a directed verdict for the defendants, following *Augat*. *Id.* at *18-21.

Similarly, here, Apple hiring five A123 employees, without more, does not indicate improper means or motive to support a claim for tortious interference or "raiding." Accordingly, Counts IV and VII should be dismissed. *See id.*; *TalentBurst*, 567 F.Supp.2d 261, 268-69 (granting motion to dismiss tortious interference claim absent evidence of improper motive or means); *Comeau*, 881 F.Supp.2d at 190-92 (D.Mass. 2012) ("without facts to bolster their formulaic allegations, Plaintiffs' interference claims must be dismissed"); *Anzalone v. Admin. Office of the Trial Court*, 457 Mass. 647, 660-61 (2010) (a "talismanic invocation in the complaint" of improper motive or means is insufficient to state a claim; affirming motion to dismiss).

Furthermore, while not explicit in the Complaint, Plaintiff may contend that Apple encouraged Mr. Ijaz to violate his non-solicitation restrictions. Any such argument would be fruitless. As noted above, A123's claim of solicitation is based on a single email from Mr. Dafoe to Mr. Ijaz after Mr. Dafoe had terminated his employment with A123, which does not support a claim for improper solicitation. This therefore cannot form the basis for claiming that Apple used improper means in hiring A123's at-will employees. Likewise, the allegation that Mr. Ijaz "participated in Apple's improper and tortious interference" (Compl. ¶ 72) is equally unfounded and unavailing. Thus, this Count also fails as to Mr. Ijaz.

### F. Plaintiff's Conclusory Allegations Cannot State a Claim for Misappropriation of Trade Secrets (Count VI)

Count VI is for misappropriation of trade secrets, against all Defendants. To prevail on this claim, Plaintiff must prove (1) the existence of a trade secret, (2) reasonable steps to preserve secrecy and (3) use of improper means in breach of a confidential relationship to acquire and use

the secret. *EchoMail, Inc. v. Am. Exp. Co.*, 378 F. Supp. 2d 1, 2-3 (D.Mass. 2005) (citing *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1165 (1st Cir. 1994)). The vague allegations of the Complaint do not meet any of these elements.

As to the first two elements, whether a trade secret even exists and whether reasonable steps were taken to maintain its secrecy, are measured on a six-factor test, taking into account:

> (1) the extent to which the information is known outside of the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken by the employer to guard the secrecy of the information; (4) the value of the information to the employer and to his competitors; (5) the amount of effort or money expended by the employer in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Jet Spray Cooler, Inc. v. Crampton*, 361 Mass. 835, 840 (1972). Plaintiff "has a heavy burden of isolating the secret for which he claims protection . . . The employer's interest in the secret must be crystal clear." *Dynamics Res. Corp. v. Analytic Sci. Corp.*, 9 Mass.App.Ct. 254, 268 (1980). Thus, "a plaintiff must identify the trade secret at issue with adequate specificity." *Ferring Pharms. Inc. v. Braintree Labs., Inc.*, 2014 U.S. Dist. LEXIS 106450, *7 (D.Mass. Aug. 4, 2014).

Far from a "crystal clear" showing, the Complaint is silent on these elements and, therefore, does not state a claim for misappropriation. The Complaint only alleges that "the Individual Defendants" had access to unidentified "Proprietary Information" that is "not public knowledge" and "is safeguarded by A123" in an unidentified way. Compl. ¶ 18. Plaintiff does not identify, however, what information would be considered a trade secret or secrets worthy of protection. Moreover, Plaintiff does not articulate the extent to which any alleged trade secret information is known outside A123; what steps, if any, it took to safeguard the information; the value of the information to A123; what A123 did to develop the information; or, how easy it would be for a third party to acquire or duplicate the information. *See Jet Spray Cooler*, 361 Mass. at 840. Because Plaintiff "has not identified with adequate specificity any trade secrets" at

issue here, Count VI should be dismissed. *Ferring Pharms.*, 2014 U.S. Dist. LEXIS 106450, *7-8.

Further, the Complaint lacks any allegation that either Apple or the Individual Defendants "used improper means in breach of a confidential relationship to acquire and use" any alleged trade secret of A123.  Nowhere does the Complaint even hint that any Defendant possesses an A123 trade secret, that a trade secret was acquired improperly, or that a trade secret was actually used to A123's detriment.  *See EchoMail*, 378 F.Supp.2d at 3 ("proof of use is a necessary element of [a] misappropriation claim").  In the end, Plaintiff just recites the elements (on "information and belief") for misappropriation in conclusory fashion.  This is insufficient and, as a result, dismissal is warranted.  *See Ferring Pharms.*, 2014 U.S. Dist. LEXIS 106450, *7-8 (granting motion to dismiss misappropriation claim for failing to assert facts showing that a trade secret existed).

### G. Plaintiff's Derivative Claim of Unfair Competition Falls with the Rest of the Complaint  (Count V)

Plaintiff's claim for "unfair competition" under M.G.L. c. 93A (Count V) is premised entirely on Apple's hiring of the Individual Defendants, and thus derivative of the tortious interference claim.  Because Plaintiff cannot state a claim for tortious interference as a matter of law, the derivative c. 93A claim fails as well.  *See Synergistics Tech.,* 74 Mass. App. Ct. at 690 (hiring another company's employees was not unfair competition and did not give rise to a c. 93A claim).

The Individual Defendants further note that the c. 93A claim would be foreclosed against them as a matter of law.  First, there is no tangible allegation that any of them is a business operating in "trade or commerce" as required by M.G.L. c. 93A, § 11; rather, they are each

individuals who worked as employees of A123 and now Apple.[5] Furthermore, Plaintiff's claim against the Individual Defendants flows from their employment with A123, and "any claim arising from the employment relationship [is] not actionable under c. 93A." *Informix, Inc. v. Rennell*, 41 Mass.App.Ct. 161, 163 (1996) (citing *Manning v. Zuckerman*, 388 Mass. 8, 14 (1983)).  Therefore, Count V should also be dismissed.

### III. CONCLUSION

For the foregoing reasons, Defendants ask that the Court dismiss the Complaint, with prejudice.

Respectfully submitted,

APPLE, INC., MUJEEB IJAZ, DON DAFOE, MICHAEL ERICKSON, DAPENG WANG AND INDRAJEET THORAT

By their attorneys,

/s/ Stephen Melnick
Michael Mankes (No. 662127)
Stephen Melnick (No. 667323)
LITTLER MENDELSON PC
One International Place
Suite 2700
Boston, MA 02110
617 378 6000
617 737 0052 (fax)
smelnick@littler.com

Dated: March 10, 2015

---

[5] Plaintiff proceeds under M.G.L. c. 93A, § 11.  Claims against individuals are properly made under M.G.L. c. 93A, § 9, not § 11.  Section 9 has a jurisdictional prerequisite that a claimant make a written demand for relief before filing suit, a step Plaintiff did not fulfill here.

## CERTIFICATE OF SERVICE

I, Stephen T. Melnick, hereby certify that on this 10th day of March 2015, the foregoing Memorandum of Law was filed electronically through the ECF system.

/s/ Stephen T. Melnick
Stephen T. Melnick

Firmwide:132176637.3 043907.1230